### HEAD v. TRI–STATE MOTORS, Inc.
#### No. 5919.

Court of Appeal of Louisiana. Second Circuit.

May 29, 1939.

Irion & Switzer, of Shreveport, for appellant.

John T. Carpenter, of Shreveport, for appellee.

DREW, Judge.

On January 22, 1938, plaintiff purchased from defendant a 1935 model Dodge automobile for a price of $431. Defendant gave plaintiff credit on the purchase price for $200 for a 1934 model Chevrolet automobile which plaintiff delivered to defendant. Defendant warranted the Dodge car to be in good running condition under normal use and service; however, limited the warranty to a period of thirty days after delivery, or to the first thousand miles it was to be driven. In the written warranty defendant agreed to replace all defective parts or parts so worn as to become of no service.

The day after the car was delivered to plaintiff he took it back to defendant's place of business and complained about the car "shimmying" when driving as fast as 45 miles per hour. It was discovered that the drive shaft was bent. Defendant remedied this defect. A few days later a wheel broke down and upon examination it was found that three of the wheels were broken. This was caused from the hubs not fitting the wheels. The car was equipped with Ply-

mouth hubs and when the Dodge wheels were put on it caused them to break down. Defendant replaced two wheels and welded the other broken wheel. It became necessary, however, to remedy the wheel defects entirely by changing the hubs and drums.

Several other minor repairs were made by defendant on complaints of plaintiff. Still the car failed to give service. Plaintiff had the car inspected by other automobile mechanics trying to locate the trouble; and on February 2, 1938, he drove to defendant's place of business and presented to its president the list of parts he contended needed replacing or repairing, and requested that the repairs be made. The president of defendant company glanced at the list, and seeing the large number of repairs asked for, handed the list back and asked plaintiff "if the horn would blow". He refused to make the repairs or to replace the defective parts, at which time plaintiff told him if he did not fix the car he would have it done and sue defendant for the bill. That is exactly what plaintiff did. He had a reputable automobile repair company in Shreveport make the necessary repairs, for which he paid the sum of $181.-97, and instituted this suit against defendant to recover it.

The lower court awarded plaintiff judgment as prayed for, and defendant is prosecuting this appeal.

■ Defendant contends that it made all repairs and furnished all parts demanded by plaintiff within the thirty-day period covered by its warranty. The evidence does not bear out this contention; and the president of defendant company testified that the list of necessary repairs submitted to him by plaintiff, which were not made, was within the thirty-day period. The testimony makes it clear that the car sold to plaintiff was not in good running condition and was not serviceable at the time it was sold. It is also certain and not contradicted that all the repairs and parts used in making the repairs were necessary in order to make the car serviceable, and that plaintiff paid $181.79 for that work. He is clearly entitled to recover this amount unless the alternative defense urged by defendant,— that no claim was made for some of the repairs which were made until after thirty days had elapsed after delivery of the car by defendant to plaintiff,—is good. It is true some of the specific defects were not known to plaintiff until after thirty days had elapsed, and were not known until the car was torn down for repairs. However, the plaintiff did know that the car was not fit for the purpose for which he bought it immediately after driving it. He made repeated calls on defendant to put it in good running condition. Each time he would tell of the particular defects he had discovered, and each time thought the repairing of the specific defect pointed out by him would put the car in good running condition; but it did not. Defendant had every facility for finding the trouble with the automobile. It was left in its garage and repair shop several times, where a number of mechanics were employed. Defendant should have made the proper inspection of the car and put it in good running order, as it had warranted to do.

■■ We are of the opinion that the numerous complaints made by plaintiff as to the condition of the car, all of which were made within the thirty-day period after its purchase, were sufficient. He is a barber by trade or profession, and not a mechanic. He could not have known the specific defects which caused the car to "shimmy" or to use excessive oil, to steer improperly and to have a tendency to leave the road, or that caused the wheels to break down. When he complained of these different troubles he was having with the car, defendant company, through its mechanics, should have known the cause and, if not, should have found the cause by careful inspection of the car. The record shows that plaintiff made so many trips to defendant's repair shop without getting results that he on one or more occasions became vexed and rather abusive towards some of the mechanics. The car was never in good running condition after plaintiff purchased it until he had it repaired elsewhere than defendant's shop. It is urged that plaintiff could not expect to get a car as good as new for the price he paid for this used car. That is true. But when he paid the price he did for a used car three and one-half years old which was warranted to be in good running order, he had the right to expect a car that had been reconditioned and was entitled to a car that was in good running condition and not a wreck. The repairs necessary to be made on this car show it to have been not much better than a wreck when sold to plaintiff. It is also shown that the wheel trouble was within the actual knowledge of defendant before the car was sold to plaintiff, for the reason that several wheels had broken down while

the car was being used by defendant's salesmen and that each instance had been reported to the officer in charge.

The lower court has correctly determined this case; and the judgment is affirmed with costs.